

FILED

September 11, 2020

TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**
**\*\*\*\*\*\*\***

|  |  |  |
|---|---|---|
| RICHARD K. SALKELD, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. ST-16-CV-726 |
| | ) | |
| v. | ) | |
| | ) | ACTION FOR DAMAGES |
| MARRIOTT OWNERSHIP RESORTS | ) | |
| (ST. THOMAS), INC., | ) | <u>JURY TRIAL DEMANDED</u> |
| | ) | |
| Defendant. | ) | Cite as 2020 V.I. Super. 81U |
| | ) | |

## <u>MEMORANDUM OPINION</u>

¶1.     Pending before the Court is the "Motion to Dismiss Plaintiff's Claim of Gross Negligence and Request for Punitive Damages" and "Brief in Support of Motion to Dismiss Claims of Gross Negligence and Punitive Damages" filed by Defendant Marriott Ownership Resorts, (St. Thomas) Inc. ("Marriott" or "Frenchman's Cove") on January 4, 2017. Plaintiff filed "Plaintiff's Opposition to Defendant's Motion to Dismiss" on January 13, 2017, and Defendant filed "Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss Plaintiff's Claim of Gross Negligence and Request for Punitive Damages" on January 27, 2017. Both parties also filed supplemental briefs on May 8, 2020 (Plaintiff) and May 12, 2020 (Defendant), in support of their respective positions. For the following reasons, Defendant's Motion will be granted.

### I.     FACTUAL AND PROCEDURAL BACKGROUND.

¶2.     On November 9, 2016, Plaintiff Richard K. Salkeld, a guest of Defendant Marriott Frenchman's Cove Hotel, swam out to a large inflatable device referred to as the Saturn Rocker to ensure that his minor son who was swimming out to the floating device would reach safely. The Saturn Rocker was moored out in the ocean approximately 8 feet deep. Salkeld was concerned

about his son's ability to swim to and from the Rocker. Upon reaching out to the inflatable device, Salkeld mounted the Rocker, which already had five adults and three children on it. Salkeld felt that the Saturn Rocker was unstable. Salkeld had observed what appeared to be a slippery substance; sunscreen residue, or an unknown greasy substance on the Saturn Rocker. As Salkeld was leaving, he jumped off the top of the Saturn Rocker. While jumping, Salkeld slipped and twisted his left leg. When Salkeld slipped, he ruptured his tendon and sustained a tear in his quadricep muscle. Salkeld needed the assistance of two other persons to help him swim back to shore.

¶3.     Plaintiff filed a complaint in the U.S. Virgin Islands Superior Court on December 5, 2016. Plaintiff seeks to recover damages for his injuries, under the theories of negligence, gross negligence and further seeks punitive damages. Marriott has since responded with the motion to dismiss claim for gross negligence and request for punitive damages pursuant Federal Rule of Civil Procedure 12(b)(6).[1]

## II.    STANDARD

¶4.     The standard at the time of filing was that when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a trial court must apply the three-part test from the United States Supreme Court decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This legal standard requires the trial judge to, "1.) take note of the legal elements of the asserted cause of action; 2.) identify and disregard naked factual contentions and legal conclusions framed as allegations of fact; and 3.) review the well-pleaded facts against the necessary legal elements to determine whether the

---

[1] Since the filing of the original papers, the Virgin Islands Supreme Court promulgated the Virgin Islands Rules of Civil Procedure replacing the Federal Rules of Civil Procedure which became effective March 31, 2017.
Irrespective of the change in the name of the rule, the substance and the numbering of this rule has remained the same.

claims are plausible." *Benjamin v. Bennerson*, 2012 V.I. LEXIS 7 at *2 (V.I. Super. Ct. Feb. 13, 2012). No assumption of truth attaches to allegations the court deems to be conclusory legal conclusions, as opposed to well-pleaded facts. *Joseph v. Bureau of Corrs.*, 54 V.I. 644, 649-50 (V.I. 2011). With regards to a claim's plausibility, a court must assume its veracity, and then conduct a "context-based" inquiry based on "judicial experience and common sense." *Id.* Furthermore, for a claim to be plausible, the plaintiff must allege facts in the complaint that permit the court to infer more than a possibility of misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Joseph*, 54 V.I. at 650.

¶5.    However, in *Mills-Williams v. Mapp*, 67 V.I. 574 (2017), the Virgin Islands Supreme Court ruled that effective March 31, 2017, this Court adopted the Virgin Islands Rules of Civil Procedure, which supersede all previous civil procedure rules applicable to the Superior Court, including the Federal Rules of Civil Procedure that had been applicable through former Superior Court Rule 7. Significantly, Virgin Islands Rule of Civil Procedure 8 expressly states that the Virgin Islands "is a notice pleading jurisdiction," V.I. R. Civ. P. 8(a), and the Reporter's Note eliminates any doubt that this language is calculated to "apply[ ] an approach that *declines* to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief." V.I.R. Civ. P. 8 Reporter's Note (emphasis added); *see also Brathwaite v. H.D.V.I. Holding Co.*, 2017 V.I. LEXIS 76, at *3, [WL], at *2 (V.I. Super. Ct. May 24, 2017) (acknowledging that Virgin Islands Civil Procedure Rule 8(a)(2) eliminates the plausibility standard and instead will permit a complaint so long as it "adequately alleges facts that put an accused party on notice of claims brought against it"). Therefore, going forward, it is clear that the adoption of Rule 8 of the Virgin Islands Rules of Civil Procedure supersedes our prior precedents which imposed the *Twombly* plausibility standard by virtue of the now-amended Superior Court

Rule 7, and restores the notice pleading regime that had previously been in effect. *See Estate of Knoster v. Ford Motor Co.*, 200 Fed. Appx. 106, 111 n.3 (3d. Cir. 2006) (holding that the adoption of a new court rule "plainly supersedes" any cases to the contrary that applied the former rule).

### III.    LEGAL DISCUSSION

**a.    Plaintiff has not Pled Sufficient Facts to Support his Claim of Gross Negligence against Defendant Marriott.**

¶6.    Under Virgin Islands common law, a claim for gross negligence, at minimum, requires a degree of "recklessness" or "a conscious indifference to the consequences of...the conduct." *Brathwaite v. Xavier*, 71 V.I. 1089,1102 (2019) *(*quoting *Powell v. Chi-Co's Distrib.*, 2014 V.I. LEXIS 21, *5-10 (V.I. Super. Ct. Apr. 3, 2014). Prior to *Brathwaite*, in *Tutein v. Parry*, 48 V.I. 101 (V.I. Super. 2006), the Superior Court has most frequently defined gross negligence in terms of wanton and/or reckless behavior that demonstrates a conscious indifference to potential risk of injury to persons or property. In *Tutein*, after noting a split in authorities from other jurisdictions, the court concluded that "gross negligence in that context encompasses 'reckless' and 'wanton' conduct" wherein the actor "demonstrate[s] a conscious indifference to the consequences of his conduct or act so unreasonable that imminent likelihood of harm or injury to another is reasonably apparent." 48 V.I. at 107. Subsequent trial-level cases following this line of reasoning expressly equate grossly negligent behavior with reckless behavior. *Brathwaite v. Xavier*, 71 V.I. 1089,1103 (2019) *(*quoting See, e.g., *Powell v. Chi-Co's Distrib.*, 2014 V.I. LEXIS 21, *5 n.11 (V.I. Super. 2014) (unpublished) (adopting the *Tutein* definition of gross negligence as equivalent to recklessness)); *Marian v. Fraser*, 2014 V.I. LEXIS 19, *7 (V.I. Super. 2014) (unpublished) (holding that Plaintiff failed to state a claim of gross negligence as defined in *Tutein*).

¶7.    The *Brathwaite* Court reconciled prior approaches and concluded that the soundest rule for the Virgin Islands is that to prevail on a claim for gross negligence in the Virgin Islands, a plaintiff

must establish that: (1.) the defendant owed plaintiff a legal duty of care; (2.) the defendant breached that duty in such a way as to demonstrate a wanton, reckless indifference to the risk of injury to plaintiff; (3.) and the defendant's breach constituted the proximate cause of (4.) damages to plaintiff. *Brathwaite v. Xavier,* 71 V.I. 1089,1103 (2019). This is the current and appropriate test for analyzing the conduct of Marriott.

¶8.      In *Brathwaite,* the Court examined a claim of gross negligence by a passenger against a defendant, who crashed his boat, after operating the boat under "excessive fatigue" according to Brathwaite. The Court reasoned that without additional evidence to establish how long defendant had been awake at the time of the accident, how much he slept in the preceding days, or whether he was in the habit of being awake in the early morning hours, evidence merely demonstrating that Xavier operated his boat at approximately 2:30 a.m. was insufficient to support a claim of gross negligence. [The Court further reasoned that when distinguishing a claim of negligence from that of gross negligence, the courts have noted that gross negligence is "conduct that presents 'an unreasonable risk of physical harm'" that is "substantially greater than that which is necessary to make the conduct negligent."] *Brathwaite v. Xavier,* 71 V.I. 1089,1102 (2019) *(quoting Hill v. De Jongh,* 2012 V.I. LEXIS 11, *19-20 (V.I. Super. Ct. Apr. 19, 2012)).

¶9.      Defendant argues that for Plaintiff's gross negligence claim to survive the instant motion Plaintiff's allegations must plausibly suggest the accident was caused by Marriott's gross negligence. Defendant further argues that the plaintiff must plead facts that the defendant acted with a wanton and reckless disregard for others. See *Tutein v. Parry,* 48 V.I. 101, 107 (V.I. Super. Ct. 2006). Defendant supports this argument by stating that wanton conduct is defined as the performance of an act which is so "unreasonable and dangerous that imminent likelihood of harm or injury to another is reasonably apparent even though the actor possesses no intent to cause

harm." *Id* at 107 (quoting *Myers v. Lashley,* 2002 OK 14, 44 P.3d 553,1142 (Okla. 2002) as amended, (Mar. 20, 2002). Defendant adds that "reckless conduct is such as to evince disregard of, or indifference to, consequences, under the circumstances involving danger to life or safety of others, although no harm was intended. *Id.* at 107.

¶10.  Defendant additionally points out that this court has held that failure to act does not amount to gross negligence. Defendant cites to *Powell v. Chi-Co's Distrib.,* 2014 V.I. LEXIS 21 (V.I. Super. 2014), where "the plaintiff tripped and fell on a set of stairs that she alleged were dangerous because the defendants failed to ensure that the stairs were evenly spaced and failed to provide safety rails and lighting." The *Powell* court dismissed the gross negligence claim on the grounds that the plaintiff failed to allege conscious indifference to the safety of individuals walking on the stairs, and reasoned that the mere failure to act without more is insufficient to support a claim for gross negligence. Defendant further posits that "gross negligence, when defined in terms of wanton, reckless behavior, 'tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent,' and represents 'an aggravated form of negligence, differing in quality rather than in degree from ordinary lack of care.'" *Brathwaite v. Xavier,* 71 V.I. 1089, 1106 (2019). Defendant argues that this reasoning should apply to the Plaintiff's claim for gross negligence. This Court agrees.

¶11.  Here, Plaintiff does not offer the requisite pleadings to suggest that the jury may find a showing of gross negligence. The Plaintiff has alleged that Marriott acted with recklessness. In order to support this allegation, the Plaintiff offers facts such as the Defendant's *failure to warn* guests of the dangerous purpose and condition of the Saturn Rocker, *failure to instruct* on proper use of the Saturn Rocker, *failure to provide* lifeguard, and the *failure to advise* guests of the need to wear lifejackets. Whether these allegations are credible, or amount to the level of recklessness

required for a finding of gross negligence, is a matter for the jury to determine, but it is incumbent upon this court to determine whether the Plaintiff has established, at a minimum, a prima facie case, assuming that all of the Plaintiff's allegations are true. Salkeld has not pleaded any facts which may lead a reasonable jury to believe that Marriott was reckless, therefore grossly negligent.

¶12. Plaintiff's complaint alleges that Marriott acted with indifference to human life. All of Plaintiff's claims under gross negligence are essentially the same under the negligence claim. Plaintiff also alleges, based on deposition testimonies, that top-level managers at Marriott including the Director of Engineering, General Manager, Director of Operations, and Activities Director all read the safety manual and therefore knew about the risks associated with the Saturn Rocker, and furthermore knew that the Rocker was unstable. Salkeld posits "a systematic top management reckless disregard occurred." This seems implausible.

¶13. Notably, Salkeld does not allege any affirmative conduct which would suggest that any of these hotel officials had a wanton, reckless disregard, or conscious indifference to the safety of its guests. In fact, the opposite theory would be more plausible; that the hotel officials would be concerned with maintaining safety to ensure repeat guests. As stated, these allegations all entail bald statements of failures to act. There are no facts which suggest Marriott knew and ignored a likelihood that injury would occur. There are no allegations of prior complaints. There are no allegations that Marriott was conscious that injury would likely occur and chose to remain indifferent. There are no facts which support a finding of intent, on behalf of the Defendant, which is reckless or even consciously indifferent. Without such allegations, a reasonable jury could not find that Marriott acted with gross negligence.

### b. Plaintiff is not Entitled to Punitive Damages.

¶14.    Punitive damages is not a separate cause of action, but rather a demand for a certain type of damages. *Der Weer v. Hess Oil V.I. Corp.*, 60 V.I. 91, 95 n.1 (Super. Ct. 2014). Punitive damages are "damages awarded in cases of serious or malicious wrongdoing to punish or deter the wrongdoer or deter others from behaving similarly — called also exemplary damages, smart money." Merriam-Webster's Dictionary of Law 120 (2005); *see also* Black's Law Dictionary 448 (9th ed. 2009) ("Damages awarded in addition to actual damages when the defendant acted with recklessness, malice, or deceit; specific damages assessed by way of penalizing the wrongdoer or making an example to others."). Punitive damages must be based upon conduct that is not just negligent but shows, at a minimum, reckless indifference to the person injured — conduct that is outrageous and warrants special deterrence. *Brathwaite v. Xavier*, 71 V.I. 1089,1111 (2019). Accordingly, the failure of a party to introduce sufficient evidence to support a claim of gross negligence precludes an accompanying request for an award of punitive damages. *Ambrosi v. CBI Acquisitions, LLC*, No. ST-16-CV-621, 2019 V.I. LEXIS 151 (Super. Ct. Oct. 25, 2019).

¶15.    Here, because the Court has granted Defendant's Motion to Dismiss on the issue of gross negligence, it follows that punitive damages are also barred. In relying on *Brathwaite*, just as the Supreme Court held that absent a finding of sufficient evidence to sustain a gross negligence claim, a party may not seek an award of punitive damages. This Court echoes the same as the record does not demonstrate that the imposition of punitive damages is proper. Since punitive damages cannot stand alone, this Court grants Defendant's motion to dismiss on the issue of punitive damages. Plaintiff has not articulated a plausible claim for relief under gross negligence, therefore, Marriott's motion to dismiss claims of gross negligence and punitive damages will be granted.

## IV. CONCLUSION

¶16. For the foregoing reasons, the Court will grant Defendant's motion to dismiss Plaintiff's claims of gross negligence and punitive damages. An Order consistent with this Opinion shall follow.

Dated: September // , 2020

                                     **Renée Gumbs Carty**
                                   Judge of the Superior Court
                                    of the Virgin Islands

ATTEST:
Tamara Charles
Clerk of the Court

By: _____
Lori Boynes-Tyson
Chief Deputy Clerk _____