2010 UT App 82

**Raymond E. CASADAY and Ellen C. Casaday, Plaintiffs and Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant and Appellee.**

No. 20090371–CA.

Court of Appeals of Utah.

April 8, 2010.

David R. Olsen, John C. Hansen, and Paul M. Simmons, Salt Lake City, for Appellants.

Lynn S. Davies, Melinda A. Morgan, and Rafael A. Seminario, Salt Lake City, for Appellee.

Before Judges VOROS, BENCH, and GREENWOOD.[1]

## OPINION

BENCH, Senior Judge:

¶ 1 Plaintiffs Raymond E. Casaday and Ellen C. Casaday (the Casadays) appeal the district court's grant of summary judgment in favor of Defendant Allstate Insurance Company (Allstate). We reverse and remand.[2]

## BACKGROUND

¶ 2 In March 2006, the Casadays, husband and wife, were seriously injured in an automobile accident when a sixteen-year-old driver made an illegal left turn in front of them. The Casadays, in their eighties at the time, suffered extensive injuries and incurred over $200,000 in medical bills. They settled with the teenage driver for $50,000—the maximum amount of liability coverage provided by his insurance policy. The Casadays then filed a claim for underinsured motorist (UIM) benefits from their insurer, Allstate, with which they had been insured since 1966. Allstate informed them that their insurance policy provided UIM coverage of only $10,000 per person and $20,000 per accident, although their liability coverage provided $100,000 per person and $300,000 per accident.

■ ¶ 3 Utah Code section 31A–22–305.3 mandates that the presumptive limit of UIM coverage be equal to the limits of an insured's liability coverage. *See* Utah Code Ann. § 31A–22–305.3(2) (2009);[3] *see generally General Sec. Indem. Co. v. Tipton*, 2007 UT App 109, ¶¶ 11–15, 158 P.3d 1121 (ex-

plaining the legislative intent and public policy behind presumptive equal coverage). An insured may nonetheless opt to carry less UIM coverage than liability coverage. *See* Utah Code Ann. § 31A–22–305.3(2)(b), (h). Before an insurer can allow an insured to opt out of equal coverage, the insurer must provide the insured with enough information to make an informed decision. *See General Sec. Indem. Co.*, 2007 UT App 109, ¶¶ 11–15, 23, 158 P.3d 1121 (stating that the offer for equal coverage "must be sufficient to permit the insured to make an intelligent, informed decision on desired or desirable coverages" because statutes mandating presumptive equal coverage are "designed to provide insureds with information and options before purchasing [UIM] insurance" (internal quotation marks omitted)). For waiver of equal coverage on new policies issued on or after January 1, 2001, section 31A–22–305.3(2)(b) (subsection (2)(b)) requires the insurer to obtain a signed acknowledgment form from the insured, which form must explain the purpose of UIM coverage. *See* Utah Code Ann. § 31A–22–305.3(2)(b). For policies existing before January 1, 2001, section 31A–22–305.3(2)(h) (subsection (2)(h)) requires the insurer to provide the insured with the option to receive equal coverage through two renewal notices, which notices must also explain the purpose of UIM coverage. *See id.* § 31A–22–305.3(2)(h).

¶ 4 When Allstate refused to afford the Casadays UIM coverage equal to their liability coverage, the Casadays filed suit. In their complaint, they cited to section 31A–22–305.3 and referred to subsection (2)(b) but not to subsection (2)(h).[4] The Casadays' complaint reads as follows:

---

1. The Honorable Russell W. Bench and the Honorable Pamela T. Greenwood, Senior Judges, sat by special assignment pursuant to Utah Code section 78A–3–103(2) (2008) and rule 11–201(6) of the Supreme Court Rules of Professional Practice.

2. Because we conclude that the district court incorrectly granted summary judgment in favor of Allstate, we do not reach the other issues raised on appeal.

3. Utah Code section 31A–22–305.3 was originally enacted as part of section 31A–22–305, *see* Utah Code Ann. § 31A–22–305 (2001), until renumber-

ed, *see id.* § 31A–22–305.3 (2006); *id.* § 31A–22–305 (2009) (amend. notes). For convenience to the reader, we cite to the current version of the Utah Code throughout this opinion.

4. The Casadays later "concede[d] that their [insurance] policy would likely be considered . . . an existing policy, rather than a new policy." It appears that their reliance on subsection (2)(b) arose out of the mistaken belief that a policy may be considered new after certain changes are made to a policy, such as the addition of new vehicles.

4. On March 18, 2006, [the Casadays] were insured by [Allstate] under an automobile insurance policy which was issued by [Allstate] after January 1, 2001.

5. The aforesaid automobile insurance policy provided liability coverage of $100,000 per person, up to $300,000 per occurrence.

6. Pursuant to [subsection (2)(b)], the limits of [UIM] coverage required to be provided to [the Casadays] was an amount equal to the lesser of the limits of their liability coverage or the maximum [UIM] coverage limits available by the insurer under the insured's automobile insurance policy, unless the insured purchased coverage in a lesser amount by signing an acknowledgment form meeting certain statutory requirements.

. . . .

8. [The Casadays] never signed any acknowledgment meeting the statutory requirements whereby [UIM] limits less than those required by law were purchased.

9. On March 18, 2006, [the Casadays] were involved in an automobile collision in which they were each seriously injured and each sustained damages that exceeded the liability insurance limits of the person responsible for the collision by more than $100,000 each.

10. [The Casadays] should have been entitled to the protection of the [UIM] coverage issued by [Allstate] in a minimum amount of $100,000 per person, up to $300,000 per occurrence.

. . . .

12. In violation of Utah law and contrary to the facts, [Allstate] advised [the Casadays] that their policy of insurance only provided [UIM] coverage in the amount of $10,000, up to $20,000 per occurrence....

. . . .

15. [Allstate] has refused to pay the limits of [UIM] coverage required by the policy and by law.

Allstate answered the Casadays' complaint, alleging that subsection (2)(b) for new policies was inapplicable to the Casadays' claims. Allstate asserted that subsection (2)(h) for existing policies "applies in lieu of" subsection (2)(b). Allstate also pleaded subsection (2)(h) as an affirmative defense, asserting that it had complied with its requirements:

> Utah Code [subsection (2)(h)] directly governs the [UIM] coverage limits of [the Casadays'] automobile policy with Allstate, and ... Allstate fully complied with the requirements and provisions of that statute in establishing and continuing the policy limits of [the Casadays'] coverage, including but not limited to sending [the Casadays] the required statutory notices in 2001.

¶ 5 The parties conducted extensive discovery, a significant portion of which was dedicated to the issue of whether Allstate provided the Casadays with the two notices required by subsection (2)(h). Specifically, discovery included expert testimony on the matter as well as attempts to recover the two notices. The evidence discovered indicated either that the Casadays had not received both notices or that the notices produced were in some way inadequate.

¶ 6 Allstate moved for summary judgment. In support of its summary judgment motion, Allstate characterized the Casadays' complaint as asserting only a claim for equal coverage as a new policy. Allstate argued that it was entitled to summary judgment on the Casadays' claim for equal coverage as a new policy because the uncontested facts showed that the Casadays have an existing policy, having been insured by Allstate since 1966. The Casadays "concede[d] that their [insurance] policy would likely be considered ... an existing policy, rather than a new policy," and argued that their complaint could reasonably be read as asserting a claim for equal coverage as an existing policy. Allstate responded that the Casadays' alleged claim for equal coverage as an existing policy must fail because any such claim was inadequately pleaded in their complaint.

¶ 7 The district court granted summary judgment in favor of Allstate, concluding that the Casadays' complaint pleaded only a claim for equal coverage as a new policy, which claim failed as a matter of law because the undisputed facts showed that the Casadays have an existing policy. The district court further concluded that the Casadays' com-

plaint failed to state a claim for equal coverage as an existing policy, emphasizing the fact that the Casadays specifically cited to the statutory subsection for new policies in their complaint and did not cite to the subsection for existing policies. In so concluding, the district court reasoned that the Casadays' arguments for equal coverage as an existing policy were "directly contrary to their previous position" that they were entitled to equal coverage as a new policy. The district court further concluded that the Casadays' complaint had not given Allstate adequate notice of a claim for equal coverage as an existing policy, describing the pleading for any such claim as being "vague."[5] The Casadays appeal.

## ISSUE AND STANDARD OF REVIEW

¶ 8 The Casadays challenge the district court's grant of summary judgment in favor of Allstate. The appropriateness of a district court's grant of summary judgment is a question of law reviewed for correctness. *See Holmes Dev., LLC v. Cook*, 2002 UT 38, ¶ 21, 48 P.3d 895. "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.'" *Id.* (omission in original) (quoting Utah R. Civ. P. 56(c)). In reviewing whether a district court properly granted summary judgment, "we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Id.* (internal quotation marks omitted).

¶ 9 In granting summary judgment in favor of Allstate, the district court concluded that the Casadays' claim for equal coverage as a new policy failed as a matter of law and that the Casadays' complaint inadequately pleaded a claim for equal coverage as an existing policy. On appeal, the Casadays do not challenge the district court's decision as

it relates to their claim for equal coverage as a new policy. Accordingly, the narrow question presented for our review is whether the district court correctly granted summary judgment to Allstate in concluding that the Casadays' complaint inadequately pleaded a claim for equal coverage as an existing policy.

## ANALYSIS

¶ 10 The Casadays contend that their complaint alleges that Allstate failed to provide them with the equal coverage mandated by Utah law and, thus, can reasonably be read as stating a claim for equal coverage as an existing policy. Allstate responds that the Casadays' complaint states only a claim for equal coverage as a new policy, arguing that the complaint is legally insufficient to plead a claim for equal coverage as an existing policy. In so arguing, Allstate emphasizes the Casadays' specific citation to the statutory subsection for new policies without citing the subsection for existing policies. The district court similarly emphasized the Casadays' specific citation to the incorrect statutory subsection in concluding that their complaint inadequately pleaded a claim for equal coverage as an existing policy.

¶ 11 Under Utah's liberal notice pleading, "[t]he plaintiff must only give the defendant 'fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved.'" *Canfield v. Layton City*, 2005 UT 60, ¶ 14, 122 P.3d 622 (quoting *Williams v. State Farm Ins. Co.*, 656 P.2d 966, 971 (Utah 1982)); *see also* Utah R. Civ. P. 8(a) (requiring that a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief"); *id.* R. 8(e)(1) (stating that pleadings must "be simple, concise, and direct" and no "technical

---

5. The district court also noted that the Casadays had not moved to amend their complaint. When asked at oral argument before this court why they did not move to amend their complaint when it became apparent that their claim should have been brought for equal coverage as an existing policy, the Casadays responded that they did not think they needed to amend because they thought their complaint would be sufficient to also support a claim for equal coverage as an existing policy—especially given Allstate's answer to their complaint as well as the substance of the parties' discovery. Consistent with that belief, the record shows that the Casadays contemplated amending their complaint but never actually moved to amend until after the district court granted summary judgment in favor of Allstate.

forms of pleading ... are required"). "[T]he fundamental purpose of our liberalized pleading rules is to afford parties the privilege of presenting whatever legitimate contentions they have pertaining to their dispute .... [while leaving] issue-formulation ... to the [ ]discovery process." *Williams*, 656 P.2d at 971 (internal quotation marks omitted). "[T]hese principles are applied with great liberality in sustaining the sufficiency of allegations stating a cause of action...." *Id.*

■ ¶ 12 It is undisputed that the Casadays cited the wrong statutory subsection for existing policies. But failure to specify the correct statutory subsection is not necessarily fatal to a plaintiff's claims, so long as the complaint can reasonably be read as supporting the particular claim for relief, giving the defendant notice of that claim. *See generally Youngblood v. Auto-Owners Ins. Co.*, 2007 UT 28, ¶¶ 20, 22, 158 P.3d 1088 (concluding that the court could consider a claim under promissory estoppel although the plaintiff had specifically pleaded equitable estoppel because "the distinctions make little difference in the matter" given the substance of the plaintiff's claims, and reasoning that "[o]ur rules of pleading require that a cause be made out, but not necessarily that it always be correctly labeled," for "[s]uch an exalting of form over substance ... is to be avoided when possible"); *Baker v. Angus*, 910 P.2d 427, 431 (Utah Ct.App.1996) (stating that although the plaintiff's complaint could be read as stating a claim under a barred legal theory, the court would "read[ ] the complaint in the light most favorable to the [plaintiff]" to conclude that the complaint could also "be reasonably interpreted to be a claim" for an appropriately brought legal theory). Accordingly, the Casadays' citation to the incorrect statutory subsection does not presumptively render their complaint inadequate. *See Youngblood*, 2007 UT 28, ¶ 22, 158 P.3d 1088. Instead, we consider the complaint in the light most favorable to the Casadays to determine whether it can reasonably be read as stating a claim for equal coverage as an existing policy. *See Baker*, 910 P.2d at 431.

¶ 13 In their complaint, the Casadays alleged that they were seriously injured in a car accident while insured by Allstate and that the at-fault driver's liability coverage was insufficient to cover their medical bills. They further alleged that when they attempted to collect the UIM coverage provided by their insurance policy, Allstate informed them that their UIM coverage would only cover up to $20,000 although their liability coverage would cover up to $300,000. The Casadays also alleged that their UIM coverage should have been up to $300,000—an amount equal to their liability coverage—and that Allstate's refusal to pay this amount violated Utah law. Thus, the substance of their complaint is that they are entitled to UIM coverage equal to their liability coverage.

¶ 14 In concluding that the Casadays' complaint did not state a claim for equal coverage as an existing policy, the district court relied solely on *Asael Farr & Sons Co. v. Truck Insurance Exchange*, 2008 UT App 315, 193 P.3d 650. In *Asael*, this court affirmed the district court's refusal to consider the plaintiff's alleged claim for oral binder. *See id.* ¶ 19. This court explained that the plaintiff's complaint originally claimed that the defendants had failed to provide the plaintiff with adequate insurance coverage, despite verbal assurances to the contrary; whereas the plaintiff's oral binder argument would allege that the defendants had provided adequate insurance coverage yet had simply refused to pay the amount due. *See id.* ¶¶ 14–16, 18. This court reasoned that these two theories were "directly contrary" to one another, *see id.* ¶ 18, and concluded that the plaintiff's complaint had inadequately stated such a claim, even under Utah's notice pleading standards, *see id.* ¶¶ 17, 19. Here, the district court similarly concluded that the Casadays' claim for equal coverage as an existing policy was inadequately pleaded in their complaint. The district court reasoned that the two positions of seeking equal coverage either as a new or as an existing policy were "directly contrary" to one another. The district court further concluded that the complaint had not provided Allstate with notice of a claim for equal coverage as an existing policy, describing the pleading for any such claim as "vague." We disagree.

¶ 15 Unlike *Asael*, which did indeed involve claims that were "directly contrary" to one another, the Casadays claim for UIM coverage equal to their liability coverage either as a new or as an existing policy is not an inherent contradiction. Regardless of whether an insurance policy is new or existing, section 31A–22–305.3(2) requires insurers to give an insured the option to receive UIM coverage equal to liability coverage. *See* Utah Code Ann. § 31A–22–305.3(2)(b), (h) (2009); *General Sec. Indem. Co. v. Tipton*, 2007 UT App 109, ¶ 23, 158 P.3d 1121 (concluding that presumptive equal coverage establishes a statutory duty for insurers "to provide insureds with information and options before purchasing [UIM] insurance, as well as an opportunity to purchase or waive higher levels of coverage"). Although the form of this option differs depending on whether the policy is new or existing, the insurer is nonetheless required by law to give the insured this option. *See* Utah Code Ann. § 31A–22–305.3(2)(b), (h); *General Sec. Indem. Co.*, 2007 UT App 109, ¶ 23, 158 P.3d 1121. Accordingly, we cannot say that the Casadays' claim for this statutorily required option for equal coverage as a new policy is a "directly contrary" position to claiming the same option for equal coverage as an existing policy.

¶ 16 We further disagree with the district court that any claim for equal coverage as an existing policy in the Casadays' complaint was vague and did not give notice to Allstate of such a claim. Even if a complaint is "vague," "inartfully drafted," "a bare-bones outline," *see Canfield v. Layton City*, 2005 UT 60, ¶¶ 15, 22, 122 P.3d 622, or "not a model of specificity," *see Baker*, 910 P.2d at 432, the complaint may still be adequate so long as it can reasonably be read as supporting a claim for relief, giving the defendant notice of that claim, *see id.* at 431. Here, the Casadays' complaint gave Allstate "fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *See Canfield*, 2005 UT 60, ¶ 14, 122 P.3d 622 (internal quotation marks omitted). The substance of the Casadays' complaint clearly seeks UIM coverage equal to their liability coverage, and the Casadays are entitled to this option for

equal coverage regardless of whether their policy is new or existing. *See* Utah Code Ann. § 31A–22–305.3(2)(b), (h); *General Sec. Indem. Co.*, 2007 UT App 109, ¶¶ 11–15, 23, 158 P.3d 1121. The complaint is also sufficient to give Allstate notice that equal coverage as an existing policy is an issue in this case. This is particularly so in view of Allstate's answer to the complaint wherein Allstate invoked the statutory subsection for existing policies-and the fact that in discovery both parties repeatedly attempted to locate the two notices required by subsection (2)(h). *See generally Youngblood*, 2007 UT 28, ¶ 22, 158 P.3d 1088 (concluding that considering the substance of the plaintiff's complaint, "the defendant insurance company is denied nothing in terms of knowing what is being claimed and how to defend"); *Burr v. Childs*, 1 Utah 2d 199, 265 P.2d 383, 387 (1953) ("The deficiencies suggested by defendant impliedly acknowledge a full understanding of the nature of plaintiffs' claim...."); *Consolidated Realty Group v. Sizzling Platter, Inc.*, 930 P.2d 268, 275 (Utah Ct.App.1996) ("[I]t is apparent from the defenses raised by [the defendant] that it understood precisely what claims were being made....").

¶ 17 Applying Utah's notice pleading standards "with great liberality," *see Williams v. State Farm Ins. Co.*, 656 P.2d 966, 971 (Utah 1982), under the facts of this case, the Casadays' complaint sufficiently gave Allstate "fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved," *Canfield*, 2005 UT 60, ¶ 14, 122 P.3d 622 (internal quotation marks omitted). The substance of the Casadays' complaint is for UIM coverage equal to their liability coverage, which equal coverage they are entitled to whether they have either a new or an existing policy, *see* Utah Code Ann. § 31A–22–305.3(2)(b), (h); *General Sec. Indem. Co.*, 2007 UT App 109, ¶¶ 11–15, 23, 158 P.3d 1121. Reading the complaint in a light most favorable to the Casadays, *see Baker v. Angus*, 910 P.2d 427, 431 (Utah Ct.App.1996), the Casadays' complaint can reasonably be read as stating a claim for equal coverage as an existing policy.

## CONCLUSION

¶ 18 We conclude that the district court incorrectly granted summary judgment in favor of Allstate by concluding that the Casadays' complaint inadequately pleaded a claim for equal coverage as an existing policy. The Casadays' complaint states a claim for UIM coverage equal to their liability coverage, regardless of whether their policy is new or existing. Accordingly, Allstate had adequate notice that the Casadays were seeking equal coverage as an existing policy.

¶ 19 We therefore reverse the summary judgment and remand the case for further proceedings.

¶ 20 WE CONCUR: PAMELA T. GREENWOOD, Senior Judge and J. FREDERIC VOROS JR., Judge.

