IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**

June 09, 2021

ST-2017-CV-00380

**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| LIMA ENTERPRISES, INC., | ) | |
| | ) | Case No. ST-2017-CV-00380 |
| Plaintiff, | ) | |
| v. | ) | TRESPASS |
| | ) | NEGLIGENCE |
| OLIVER EXTERMINATING OF | ) | GROSS NEGLIGENCE |
| ST. THOMAS, INC. and IRAD RUAN, | ) | DECLARATORY |
| | ) | RELIEF |
| Defendants. | ) | PRESCRIPTIVE |
| | ) | EASEMENT |

2021 VI Super 63U

## MEMORANDUM OPINION

¶1    **THIS MATTER** is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint, Motion for More Definitive Statement ("motion to dismiss"),[1] and Plaintiff's Motion for Hearing.[2] The Court will grant, in part, and deny, in part, Oliver Exterminating's motion to dismiss. Moreover, the Court will deny Lima Enterprises' motion for hearing as moot.

## I. FACTS

¶2    On August 24, 2017, Plaintiff Lima Enterprises, Inc. ("Lima Enterprises") filed a complaint against Oliver Exterminating of St. Thomas, Inc. and Irad Ruan (jointly

---

[1] The motion to dismiss was filed November 7, 2018 and is fully briefed.
[2] The motion for hearing was filed February 18, 2020.

"Oliver Exterminating"). Lima Enterprises alleges claims for trespass, negligence, gross negligence, declaratory relief and prescriptive easement.[3]

¶3     Lima Enterprises alleges the following: On February 1, 1982, title to Parcel Nos. 30A and 30B Estate Taarnebjerg, St. Thomas, VI was conveyed to Lima Enterprises. In September 2010, Oliver Exterminating purchased Parcel No. 30 Remainder and Remainder Parcel I, Tract II Estate Taarnebjerg, which are adjacent to the parcels owned by Lima Enterprises. When Oliver Exterminating purchased its parcels, it was and still is burdened by an access easement in favor of Lima Enterprises' parcels. Additionally, Lima enterprises alleges:

> Since at least 1959, Parcel 30 Taarnebjerg has been burdened by the Access Easement in favor of Parcel Nos. 30A and 30B Estate Taarnebjerg . . . , which Access Easement provides pedestrian and vehicular access to [Lima Enterprises'] Properties and travels west across Parcel No. 30 Remainder and then travels south across the western boundaries of Parcel No. 30 Remainder, . . . . This Access Easement provides the only means of access to [Lima Enterprises'] apartment building which, since the early 1980's, has been built and expanded across Parcel Nos. 30A and 30B Estate Taarnebjerg.

---

[3] Lima Enterprises also requested a temporary restraining order, preliminary and permanent injunction enjoining Oliver Exterminating from causing further damage to Lima Enterprises' Access Easement, and compensatory and punitive damages. The Court entered a temporary restraining order on August 25, 2017, and set a hearing on the motion for preliminary injunction for September 6, 2017. Hurricane Irma struck St. Thomas on September 6, 2017, and therefore, the hearing on preliminary injunction was cancelled. In the meantime, at a status conference on August 31, 2017, (prior to Hurricane Irma) the parties advised the court they thought the matter would be resolved and settled. After the hurricane and still no settlement, the hearing on preliminary injunction was rescheduled for December 5, 2017. But, at the Plaintiff's request, it was postponed *sine die* to allow the parties an opportunity to finalize settlement documents. The Plaintiff has not requested a new date for a hearing on the preliminary injunction.

Lima Enterprises alleges that a "1985 survey by C.A. Hamilton & Associates, Inc., bearing map No. D9-3208-T85, clearly establishes the Access Easement running across Parcel No. 30 Remainder." Additionally, Lima Enterprises alleges that, "[e]xpressly, the 2010 deed to [Oliver Exterminating] confirms that [Oliver Exterminating]'s rights in and to their property at Parcel No. 30 Remainder Estate Taarnebjerg, are subject to and burdened by all easements of record, including the Access easement."

¶4      Lima Enterprises alleges that Oliver Exterminating "engaged the services of an excavator and proceeded to mark out and demolish the entire access road[4] to Parcel Nos. 30A and 30B Taarnebjerg, leaving [Lima Enterprises] and its tenants completely without vehicular access to the property, and limited food traffic across a narrow dangerous strip of land." Lima Enterprises alleges that Oliver Exterminating's excavation work has left a "deep open pit," "which [Lima Enterprises'] tenants must walk close to while walking on the Access Easement to get to their apartments." Lima Enterprises alleges that Oliver Exterminating's excavation work "cut off access to the tenant parking" and "all foot traffic across the

---

[4] Oliver Exterminating alleges,

> It is undisputed that from 2010 until the present, and for many years prior, a right of way existed over the Adjacent Property to permit the ingress and egress to and from the Properties. It is equally undisputed that in 2017, while performing legal and necessary excavation on . . . Oliver Extermination's property immediately adjacent to the right of way, unexpectedly heavy rains caused portions of the easement on the Adjacent Property to collapse, temporarily narrowing the right of way and rendering the path over the subservient property impassable for vehicular traffic.

front of the apartment building, and access to the second floor of the apartment building by way of the southern staircase." Lima Enterprises also alleges that Oliver Exterminating's excavation work "cut off access to the cistern on [Lima Enterprises'] property," "the WAPA meters" and "the water supply lines and building sewer line which run across Remainder Parcel 1 of Tract III Estate Taarnebjerg and provide connection to the potable WAPA water meters and the public sewer for the apartment building on Parcel Nos. 30A and 30B Estate Taarnebjerg (. . . the 'Utility Easement')." Additionally, Lima Enterprises alleges that the excavation work cut off access by emergency vehicles.

¶5   On November 7, 2018, Oliver Exterminating filed a motion to dismiss or for a more definitive statement.

## II. ANALYSIS

### A. Motion to dismiss.

#### 1. Trespass, Negligence, Gross Negligence, Declaratory Relief and Prescriptive Easement.

¶6   Oliver Exterminating argues that Lima Enterprises,

> has failed to provide adequate factual allegations to support [its] claim that a 17'-wide easement existed, by prescription, need, adverse possession, or otherwise. [Lima Enterprises] gives no legal or physical description of the easement, neither its size, length, width, location, boundaries, nor other identifying markers. No fractional designation, metes and bounds, or course and distances are given. No historical statements are provided, giving either [Oliver Exterminating] or this Court information about the easement's original size, expansions–if

any–or how and when they were obtained. Indeed, [Lima Enterprises'] Complaint is nothing more than naked, wholly-unfounded, and rote recitals of the elements than [sic] cannot support a claim against [Oliver Exterminating] . . . . Consequently, [Oliver Exterminating's] Motion to Dismiss should be granted.

Elaborating, Oliver Exterminating argues that Lima Enterprises' "Complaint is nothing more than a rote recitation of the legal elements for negligence, gross negligence, declaratory relief, trespass, and prescriptive easement without adequate supporting allegations or 'factual enhancement.'"[5]

¶7    Oliver Exterminating argues that, "[f]or instance, in [Lima Enterprises'] negligence claim, [Lima Enterprises] fails to describe [Oliver Exterminating's] alleged duty to [Lima Enterprises] or breach of the same; [Lima Enterprises] makes no properly-founded allegations regarding causation." Oliver Exterminating also argues that Lima Enterprises' gross negligence claim adds the "detail that [Oliver Exterminating] excavated 'after they were expressly warned by [Lima Enterprises],'" but "fails to allege 'a wanton and reckless disregard for others' as required to sustain such a claim."[6]

¶8    Additionally, Oliver Exterminating argues that Lima Enterprises' "claim of prescriptive easement . . . fails to make any factual allegations." Oliver Exterminating

---

[5] Oliver Exterminating uses *Brady v. Cintron*, 55 V.I. 802 (V.I. 2011), *overruled by Mills-Williams v. Mapp*, 67 V.I. 574 (V.I. 2017), to support its argument. However, this standard was rejected by the Supreme Court of the Virgin Islands when the V.I. Rules of Civil Procedure was adopted. *See Basic Servs., Inc. v. Gov't of the V.I.*, 2019 VI 21, ¶ 10 (citing *Mills-Williams*, 67 V.I. at 585); *Salkeld v. Marriott Ownership Resorts St. Thomas*, 2020 VI Super 81U, ¶¶ 4-5.

[6] The Court finds that the automatic requirement to list elements of a claim in a complaint was rejected with *Brady*. *See Mills-Williams*, 67 V.I. at 585-86; *see Salkeld*, ¶¶ 4-5.

argues that Lima Enterprises "gives no specifics of when or how the easement was created, its size, shape, dimensions." Moreover, Oliver Exterminating argues that "[t]he Complaint is silent regarding whether the alleged easement was obtained with the subservient property owner's permission–as reflected in [Lima Enterprises'] own exhibits–or was truly 'adverse' as alleged in the Complaint." Oliver Exterminating argues that "the absence of this factual avowal regarding adversity or permissiveness is fatal to [Lima Enterprises'] cause of action."[7]

¶9     Moreover, Oliver Exterminating argues that Lima Enterprises' "count for declaratory relief includes neither facts nor a prayer for relief; it is simply a single, unsubstantiated conclusion of law."

¶10    Lima Enterprises argues that Oliver Exterminating's "arguments go to the merits of th[e] case." Moreover, Lima Enterprises argues that Oliver Enterprises has "not identified what allegation in the Complaint fails the Rule 8(a)(2) pleadings standard."

¶11    Under Virgin Islands Rules of Civil Procedure 12(b)(6), "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defense[] by motion[] . . . failure to state a claim upon which relief can be granted." According to V.I. R. CIV. P. 8(a)(2), "a

---

[7] Oliver Exterminating argues that this lack of detail is fatal because, "[a]ccess upon the subservient property is not sufficiently adverse if it had the burdened property owner's permission." *See Hodge v. Bluebeard's Castle,* 56 V.I. 59, 73 (V.I. Super. Ct. 2012)*, vacated on other grounds by, Hodge v. Bluebeard's Castle, Inc.,* 62 V.I. 671 (V.I. 2015); *Schindel v. Pelican Beach,* 16 V.I. 237, 248 (V.I. Super. Ct. 1979).

Lima Enters., Inc. v. Oliver Exterminating of St. Thomas, Inc.
Case No. ST-2017-CV-00380
Memorandum Opinion
Page 7 of 15

2021 VI Super 63U

pleading that states a claim for relief must contain: (2) a short and plain statement of the claim showing that the pleader is entitled to relief -- because this is a notice pleading jurisdiction." V.I. R. CIV. P. 8(a)(2). "The purpose of the notice pleading standard is to avoid 'dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief." *Basic Servs., Inc. v. Gov't of the V.I.*, 2019 VI 21, ¶ 10 (citing V.I. R. CIV. P. 8 Reporter's Note; *Mills-Williams*, 67 V.I. at 585). "Even if a complaint is 'vague,' 'inartfully drafted,' 'a bare-bones outline,' or 'not a model of specificity,' the complaint may still be adequate so long as it can reasonably be read as supporting a claim for relief, giving the defendant notice of that claim." *Id.* ¶ 12 (quoting *Casaday v. Allstate Ins. Co.*, 232 P.3d 1075, 1080 (Utah Ct. App. 2010)).

¶12 Oliver Exterminating does identify specific alleged defects in Lima Enterprises' complaint. However, Lima Enterprises is not required under V.I. R. CIV. P. 8(a)(2) to "allege specific facts which, if established, plausibly entitle [it] to relief." *See Basic Servs. Inc.*, ¶ 10 (citation omitted) (quoting V.I. R. CIV. P. 8 Reporter's Note). Lima Enterprises need only to file a complaint that "can reasonably be read as supporting a claim for relief, giving the defendant notice of that claim." *See Basic Servs. Inc.*, ¶ 12 (quoting *Casaday*, 232 P.3d at 1080). Lima Enterprises argues that it has met the V.I. R. CIV. P. 8(a)(2) pleading standard. The Court Agrees.

¶13 Lima Enterprises alleges that Oliver Exterminating's excavation work destroyed an access and utility easement through Oliver Exterminating's property to

Lima Enterprises' apartments, water and sewer lines. Lima Enterprises alleges that the excavation work left no vehicular access to the apartments or utilities. Additionally, Lima Enterprises alleges that the work left a "deep open pit" and a narrow, dangerous path that residents of the apartments must travel to reach their homes. The Court finds these facts adequate to reasonably support a claim for relief for negligence and gross negligence. *See Basic Servs., Inc.*, ¶ 12 (quoting *Casaday*, 232 P.3d at 1080).

¶14    Lima Enterprises emphasizes that the access easement and utility easement are the only means of access to the apartment buildings, water supply and sewer disposal areas and have been in "uninterrupted, exclusive, actual, physical adverse, continuous, notorious under claim or color of title" use "for more than 15 years." Lima Enterprises alleges that, "[s]ince at least 1959, Parcel 30 Taarnebjerg has been burdened by the Access Easement in favor of Parcel Nos. 30A and 30B."[8] Additionally, Lima Enterprises specifically alleges that, the "Access Easement provides the only means of access to [its] apartment building which, since the early 1980's, has been built and expanded across Parcel Nos. 30A and 30B."[9] The Court finds these facts adequate to reasonably support a claim for relief for prescriptive easement. *See Basic Servs., Inc.*, ¶ 12 (citing *Casaday*, 232 P.3d at 1080).

---

[8] Lima Enterprises also alleges that Oliver Exterminating's 2010 deed expressly confirms that Oliver Exterminating's property is burdened by "all easements of record, including the Access Easement."
[9] Additionally, Lima Enterprises argues that, "it is inappropriate at the Motion to Dismiss stage to test the substantive elements of the claim of a prescriptive easement."

¶15   Lima Enterprises' count for declaratory relief alleges that Oliver Exterminating has "destroyed [Lima Enterprises'] Access Easement and impaired its use by [Lima Enterprises] and its guests and invitees." Additionally, Lima Enterprises' declaratory relief count states, "[t]he Court should declare that . . . Oliver Exterminator's [sic] Adjacent Parcels are burdened by the Access Easement for pedestrian and vehicular traffic in favor of [Lima Enterprises'] Properties." The Court finds this adequate to "reasonably . . . read as supporting a claim for relief" for declaratory judgment. *See Basic Servs., Inc.*, ¶ 12 (citing *Casaday*, 232 P.3d at 1080).

¶16   In sum, the Court finds that the allegations in the complaint are adequate to reasonably support claims for negligence, gross negligence, prescriptive easement and declaratory judgment. *See Basic Servs., Inc.*, ¶ 12 (citing *Casaday*, 232 P.3d at 1080). Moreover, Oliver Exterminating's motion to dismiss does not persuade the Court that Lima Enterprises' allegations could not establish a claim for trespass.[10] Therefore, the Court will deny Oliver Exterminating's motion to dismiss these counts.

## 2. Individual capacity

¶17   Oliver Exterminating argues that the complaint fails to establish a cause of action against Defendant Irad Ruan, individually. Oliver Exterminating argues that Lima Enterprises acknowledges Defendant Oliver Exterminating is the registered owner of the Adjacent Property and that, by Lima Enterprises' own admissions, the

---

[10] Lima Enterprises argues that "[d]iscovery will flesh out the greater particulars of the gross negligence, the negligence and the trespass claims."

actions of Irad Ruan were limited to his role as president of Oliver Exterminating. Therefore, Oliver Exterminating argues Lima Enterprises has failed to establish any cause of action against Ruan, individually.[11] Although Lima Enterprises argues to the contrary, the Court agrees with Oliver Exterminating.

¶18     Specifically, Oliver Exterminating is correct that Lima Enterprises' complaint alleges only that Ruan acted in his capacity as president of Oliver Exterminating. Lima Enterprises' complaint states in relevant part: "Defendant Irad Ruan . . . , on information and belief, is the president and owner of [Oliver Exterminating] . . . and at all times material herein acted on behalf of [Oliver Exterminating] within the course and scope of his office as president of [Oliver Exterminating]." Moreover, the Court finds nothing in the complaint or attached affidavits allege Ruan acted in his individual capacity. Therefore, the complaint cannot "reasonably be read as supporting a claim for relief" against Ruan, individually. *See Basic Servs., Inc.* ¶ 12 (quoting *Casaday*, 232 P.3d at 1080). Accordingly, the Court grants Oliver Exterminating's motion to dismiss the complaint against Ruan, individually.

**B. Motion for more definitive statement.**

¶19     Oliver Exterminating argues that Lima Enterprises' "Complaint contains none of the necessary descriptions or verbiage to either support [Lima Enterprises'] claims

---

[11] Additionally, Oliver Exterminating argues that Lima Enterprises "has not asserted anything that would qualify this Court in piercing the shield of [Ruan's] corporate protections to require his appearance and defense in the present action."

as written or [Lima Enterprises'] informal contention that the right of way was 17' in width and must be returned to the same."[12] Oliver Exterminating argues, "[w]ithout a description of the size, shape, position, width, length, construction, acquisition, or history of the right of way, this Court is as powerless to resolve this dispute as [Oliver Exterminating is] to defend against it."[13] Additionally, Oliver Exterminating argues that, "[a]ccurate and full legal and physical descriptions accompanied by certified surveys or other competent evidence will greatly assist [Oliver Exterminating] and th[e] Court."

¶20    Oliver Exterminating argues that, "requiring [it] enter unknowing and improvident answers to [Lima Enterprises'] tissue-thin allegations would require

---

[12] Oliver Exterminating argues that,

> [it] has attempted–and continues to attempt–to rectify the circumstances created by heavy and unanticipated rains, which washed away a portion of the easement over the Adjacent Properties. [Oliver Exterminating] has made the necessary efforts to insert footings and construct a retaining wall necessary to reconstruct and repave the right of way but [Lima Enterprises] has requested that [Oliver Exterminating] proceed no further pending an agreement or court order. [Oliver Exterminating] asserts that the original easement was 10' in width, sufficient to accommodate traffic to and from the Property. [Lima Enterprises] asserts, contrastingly, that the original and/or adversely possessed easement enjoyed a width of 17'.

Additionally, Oliver Exterminating argues that "the parties are unable to come to resolution outside of court without additional support for [Lima Enterprises'] position that a 17'-wide easement was created and obtained through adverse possession."
Oliver Exterminating argues, "[t]hat a right of way existed over [its] property that was inadvertently destroyed due to heavy flooding and nearby excavation is largely undisputed." However, Lima Enterprises does dispute this argument. Specifically, Lima Enterprises argues that it "takes issue with [Oliver Exterminating's] categorization of the impassibility of the right of way as 'temporary', and of the fact that 'unexpected heavy rains' caused a portion of the easement to collapse, or of the notion that [Lima Enterprises] has not provided factual allegations to support a 17' side easement."
[13] Similarly, Oliver Exterminating argues that, "[f]or [it] to assess [Lima Enterprises'] claim, [Lima Enterprises] must endeavor to amend [its] Complaint to give a clear, concise, and comprehensive claim in support of the extended 17' easement. Regrettably, [Lima Enterprises'] Complaint does nothing of the sort."

[Oliver Exterminating] to leap head-first into a lawsuit that [it] can barely understand in the hope that future discovery might resolve the factual disputes."[14]

¶21     Under V.I. R. CIV. P. 12(e),

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

V.I. R. CIV. P. 12(e). In *Wintberg Heights Condo. Owners Ass'n v. USVI Solar I, LLC*, 2019 VI Super 177 [hereinafter *Wintberg*], the Superior Court of the Virgin Islands states, "motions for a more definite statement are disfavored and granted only sparingly." *Wintberg*, ¶ 3 (citing *Alleyne v. Diageo USVI, Inc.*, 69 V.I. 307, 318 (V.I. Super. Ct. 2018); *Woodson v. Akal*, Civil No. ST-16-CV-399, 2017 V.I. LEXIS 130, at *2 (V.I. Super. Ct. Aug. 17, 2017) (unpublished); *Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 582 (W.D. Mo. 2015)). Additionally, *Wintberg* states that, "[a] more definite statement will ordinarily be required only when the pleading is 'unintelligible': such that a defendant cannot fairly be expected to frame a response or denial, at least not without risking prejudice." *Id.* (citing *Thorp v. District of Columbia*, 309 F.R.D. 88, 90 (D.D.C. 2015)).

---

[14] Additionally, Oliver Exterminating argues that Lima Enterprises' "Complaint–which assumes much but illuminates little–will not assist the parties or this Court in resolving this matter."

¶22    The Court agrees with Lima Enterprises that Oliver Exterminating is "improperly using Rule 12(e) as a substitute for discovery."[15] Motions for a more definite statement "are not a substitute for discovery and ordinarily will not be granted where the level and nature of detail sought is more properly a role for discovery." *Wintberg*, ¶ 3 (citing *Allstate Indem. Co.*, 304 F.R.D. at 582; *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1121-22 (E.D. Cal. 2012)). Lima Enterprises' complaint does not allege that the easement is seventeen inches wide. However, the Court finds that Lima Enterprises' complaint as written provides adequate information for Oliver Exterminating to "fairly be expected to frame a response." *See Basic Servs., Inc.*, ¶ 12 (citing *Casaday*, 232 P.3d at 1080); *Wintberg*, ¶ 3 (citing *Thorp*, 309 F.R.D. at 90). Therefore, Oliver Exterminating's motion for a more definite statement is denied.

### C. Attorney's fees

¶23    Lima Enterprises argues that Oliver Exterminating's "Motion for a More Definite Statement appears calculated for dilatory purposes and not for the elucidation of matters pending before this Court. [Lima Enterprises] should not be prejudiced by such actions and should be awarded [its] attorneys fees and costs." Lima Enterprises provides no clear authority to support a request for attorney's fees

---

[15] Additionally, Lima Enterprises argues that Oliver Exterminating's motion to dismiss shows Oliver Exterminating's "understanding of the claims [Lima Enterprises] has brought against [it], and of the grounds for those claims." Lima Enterprises also argues that there is a "voluminous pleading record [that] support's [its] Complaint."

Lima Enters., Inc. v. Oliver Exterminating of St. Thomas, Inc.
Case No. ST-2017-CV-00380
Memorandum Opinion
Page 14 of 15

2021 VI Super 63U

at this point in the case. *See Bell v. Radcliffe*, Case No. ST-13-CV-392, 2014 V.I. LEXIS 119, at \*7-8 (V.I. Super. Ct. Apr. 30, 2014) (unpublished). Nor does the Court find good grounds for an award of attorney's fees for the filing of Oliver Exterminating's motion. Therefore, the Court will deny the portion of Lima Enterprises' opposition that seeks an award of fees.

### D. Motion for Hearing

¶24 On February 18, 2020, Lima Enterprises filed a motion for a hearing, or in the alternative for a ruling, on Oliver Exterminating's motion to dismiss or for a more definite statement. With the issuance of this memorandum opinion, the motion for a hearing becomes moot. Therefore, the Court will deny Lima Enterprises' motion for hearing as moot.

## III. CONLCUSION

¶25 The Court finds that Lima Enterprises' claims meet the V.I. R. CIV. P. 8(a)(2) standard against Defendant Oliver Exterminating, but not against Defendant Ruan, individually. Additionally, the Court finds that Oliver Exterminating is not entitled to a more definite statement. Moreover, the Court finds that Lima Enterprises is not entitled to attorney's fees and costs. Finally, the Court finds that Lima Enterprises' motion for a hearing is moot.

An order consistent with this memorandum opinion will immediately follow.

DATED: June ___9___, 2021               _____
                                              **Kathleen Mackay**
                                         Judge of the Superior Court
                                           of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY:_____
       **DONNA D. DONOVAN**
       Court Clerk Supervisor ___6_/_9_/_2021_

|  |  |  |
|---|---|---|
| LIMA ENTERPRISES, INC., | ) | |
| | ) | Case No. ST-2017-CV-00380 |
| Plaintiff, | ) | |
| v. | ) | TRESPASS |
| | ) | NEGLIGENCE |
| OLIVER EXTERMINATING OF | ) | GROSS NEGLIGENCE |
| ST. THOMAS, INC. and IRAD RUAN, | ) | DECLARATORY |
| | ) | RELIEF |
| Defendants. | ) | PRESCRIPTIVE |
| | ) | EASEMENT |

## ORDER

In Accordance with the Memorandum Opinion entered on this day, it is hereby

**ORDERED** that the Defendants' motion to dismiss is **GRANTED**, in part, and **DENIED**, in part;

**ORDERED** that the Defendants' motion to dismiss Lima Enterprises' complaint against Ruan, individually, is **GRANTED**;

**ORDERED** that Defendants' motion to dismiss the other claims is **DENIED**;

**ORDERED** that Defendants' motion for a more definite statement is **DENIED**;

**ORDERED** that Lima Enterprises' request for attorney's fees and costs is **DENIED**; and it is further,

**ORDERED** that Lima Enterprises' motion for hearing is **DENIED AS MOOT**;

**ORDERED** that Oliver Exterminating shall file an answer to the complaint within **twenty-one (21) days** of entry of this Order; and it is further

**ORDERED** that copies of the Memorandum Opinion and this Order shall be directed to Andrew L. Capdeville, Esq. and Marie E. Thomas Griffith, Esq.

DATED: June ___9___, 2021

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
TAMARA CHARLES
Clerk of the Court

BY: _____
DONNA D. DONOVAN
Court Clerk Supervisor ___6 / 9 / 2021___