

**FILED**
June 13, 2024 01:12 PM
ST-2022-CV-00240
**TAMARA CHARLES**
**CLERK OF THE COURT**

### IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JUSTIN NIGG and LORRAINE NIGG, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. ST-2022-CV-00240 |
| ) | |
| MARRIOTT HOTEL MANAGEMENT ) | |
| COMPANY (VIRGIN ISLANDS), INC., ) | **Cite as 2024 V.I. Super 23** |
| CREF3 USVI HOTEL OWNER, INC., ) | |
| MANITOU NORTH AMERICA, LLC., ) | |
| BLUEWATER CONSTRUCTION INC., ) | |
| JEREMY HENKEL, and Project ) | |
| Development Services, Inc. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### MEMORANDUM OPINION AND ORDER

¶1     **THIS MATTER** comes before the Court on Defendant Project Development Services, Inc.'s ("PDS") Rule 12(b)(6) Motion to Dismiss Count 5 (Negligent Performance of a Voluntary Undertaking) of the First Amended Complaint. Plaintiffs filed an opposition to PDS's motion to dismiss. For the reasons set forth below, the Court will deny PDS's motion to dismiss.

### I.     PROCEDURAL AND FACTUAL BACKGROUND

¶2     This action was filed on July 16, 2022, by Plaintiffs Justin Nigg (individually and as the representative of the Estate of John Nigg) and Lorraine Nigg (individually)[1] against Defendants CREF3 USVI Hotel Owner Inc. ("CREF3"), Marriott Hotel Management Company (Virgin Islands), Inc. ("Marriott"), Manitou North America, LLC, ("Manitou"), Bluewater Construction Inc. ("Bluewater"), and Jeremy Henkel ("Henkel").[2] Plaintiffs filed a First Amended Complaint on February 16, 2023, adding PDS as a defendant.

---

[1] Justin Nigg is John Nigg's son, and Lorraine Nigg is his John Nigg's mother.
[2] Marriot was dismissed by Notice of Dismissal filed on August 28, 202. The Court granted Plaintiffs and Manitou's Joint Motion for Dismissal with Prejudice on January 20, 2023.

¶3      According to the First Amended Complaint ("Complaint"), CREF3 owns a hotel on St. Thomas known as the Frenchman's Reef & Morning Star Marriott Beach Resort, which is managed by Marriott. Bluewater was hired to renovate the hotel following hurricanes Irma and Maria. John Nigg ("Nigg") was an employee of Bluewater who performed work on the hotel property. In a Project Management Agreement effective May 1, 2021, CREF3 contracted PDS to provide project management services in connection with the renovation of the resort.

¶4      On July 17, 2021, at approximately 8:30 a.m., Nigg operated a Model 642 Extended-Reach Tele-Handler forklift with a lift capacity of 6,600 pounds and 8' 2.5" wide manufactured by Mustang Manufacturing Company while performing work on the hotel property. Nigg disposed of construction debris with the forklift at a dumpster site with the help of a spotter. After disposing the debris, the spotter left in a golf cart while Nigg drove down a delivery road with an incline varying between 40 and 45 degrees – narrowing from 25 feet to 16 feet wide proceeding down the incline. As Nigg reached approximately halfway down the delivery road, the forklift's front passenger-side wheel contacted the wall on the right side, causing the wheel to "climb the wall," shifting the center of gravity on the forklift to the point that it caused the forklift to overturn to its left side. When the forklift fell, it pinned John Nigg under the cab area of the forklift, causing him to asphyxiate and killing him at the scene. OSHA investigated the accident and issued three "Serious" citations to Bluewater. This lawsuit followed.

## II.     LEGAL STANDARD FOR MOTION TO DISMISS

¶5      PDS seeks to dismiss Count 5 of the Complaint on the basis that Plaintiffs have failed to state a claim upon which relief can be granted. Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure governs motions to dismiss for failure to state a claim. When considering a motion to dismiss for failure to state a claim, the court must accept all well-pleaded factual allegations in the complaint as true. The court must also view these allegations, along with the inferences drawn from them, in the light most favorable to the plaintiff. *Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 566, (V.I. 2012). In ruling on a motion to dismiss, the court "does not address the merits of the claim but merely tests whether the claim has been adequately stated in the complaint." *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, Civ. No. ST-2017-CV-77, 2017 WL 2709831, at *1 (V.I. Super. Ct. June 21, 2017)(citing *Hans Lollik Corp. v. Gov't of the V.I*, 17 V.I. 220 (V.I.

Terr. Ct. Mar. 6, 1981)). Resolving disputed facts, testing the truth of the alleged facts in the complaint, or deciding the merits of the case is not the purpose of a motion to dismiss. At this point in the litigation, the Court's focus is assessing the sufficiency of the complaint. *Bryan v. Wenhaven, Inc.*, Civil No. ST-2018-CV-375, 2020 V.I. LEXIS 87, *7, 2020 VI SUPER 85U (V.I. Super Ct. Sept. 29, 2020).

¶6 The Virgin Islands is a notice pleading jurisdiction and V.I.R. Civ. P. 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." V.I.R. Civ. P. 8(a)(2). In applying the notice pleading standard, Virgin Islands courts have declined "to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief." V.I.R. Civ. P. 8. Reporter's Note. A complaint is deemed sufficient "so long as it adequately alleges facts that put an accused party on notice of claims brought against it." *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017). The Supreme Court of the Virgin Islands has rejected the heightened pleading standard that applies in the federal courts under *Twombly*[3] and its progeny. *Basic Services, Inc. v. Government of the Virgin Islands*, 71 V.I. 652, 659 (V.I. 2019). Thus, even if a complaint is "vague, inartfully drafted, a bare-bones outline, or not a model of specificity, the complaint may still be adequate so long as it can reasonably be read as supporting a claim for relief, giving the defendant notice of claims." *Id.* at 660 (*citing Casaday v. Allstate Ins. Co.*, 2010 UT App 82, 232 P.3d 1075, 1080 (2010)). As a notice pleading jurisdiction, a plaintiff in the Virgin Islands only needs to provide basic legal and factual information sufficient to notify the opposing party of the claim against it. *Clark v. V.I. Housing Authority*, 75 V.I. 180, 185 (V.I. Super. Ct. 2021).

## III. DISCUSSION

¶7 Here, PDS claims that the Plaintiffs have failed to state a claim for negligent performance of a voluntary undertaking. Although the Supreme Court of the Virgin Islands to date has not outlined the elements of a claim for negligent performance of a voluntary undertaking, the Superior Court in *Gerald v. R.J. Reynolds Tobacco Co.*, 67 V.I. 441, 470 (V.I. Super Ct. 2017) conducted a *Banks*[4] analysis of Section 323 and determined that that the adoption Section 323 of

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,167 L. Ed. 2d 929 (2007).

[4] *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011). The three-part analysis established in *Banks* includes considering (1) whether any Virgin Islands courts have previously adopted a particular rule;(2) the position

the Restatement (Second) of Torts[5] is the soundest rule for the Virgin Islands as it "fosters consistency in the territory's application of this special duty rule and promotes fairness by endorsing and approach uniformly supported in other jurisdictions" *Id.* The same rationale and analysis conducted in *Gerald* applies to Section 324A of the Restatement (Second) of Torts.

¶8      The rule in Section 324A parallels the rule stated in Section 323. Section 324A and § 323 both address the liability of a person who has undertaken to render services. Section 324A, however, specifically deals with the liability to third parties. *See,* Comment to Restatement (Second) of Torts, § 324A. The Superior Court has considered Section 324A on several occasions. *See Peters v. V.I. Water & Power Auth.,* Civ. No. ST-2011-CV-219, 2013 V.I. LEXIS 65, *5-9 (V.I. Super. Ct. Oct. 7. 2013); Shealy *v. W. Indies Mgmt. Co.,* Civ. No. ST-2009-CV-619, 2011 V.I. LEXIS 58, *14 (V.I. Super. Ct. Dec. 5, 2011); *In re Catalyst Litig.,* Civ. No. SX-2005-CV-799, 2010 V.I. LEXIS 126, *11 (V.I. Super. Ct. June 30, 2010).   Restatement (Second) of Torts § 324A, which addresses duties to third parties arising from undertakings, has been widely accepted by the courts.[6] See Reporters' Note, Comment C to Restatement (Third) of the Law, Torts: Liability for Physical and Emotional Harm, § 43. Section 323 of the Restatement (Second) of Torts provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>      (a) his failure to exercise reasonable care increases the risk of such harm, or
>      (b) he has undertaken to perform a duty owed by the other to the third person, or
>      (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts, § 324A.

---

taken by a majority of courts from other jurisdictions; and (3) which approach represents the soundest rule for the Virgin Islands.

[5] Restatement (Second) of Torts § 323  provides

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>      (a) his failure to exercise such care increases the risk of such harm, or
>      (b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts, § 323.

[6] See cases referenced in Comment C to  Reporters' Note, Restatement (Third) of the Law, Torts: Liability for Physical and Emotional Harm, § 43.

¶9    Under the notice pleading standard, the allegations in the Complaint sufficiently state a claim for negligent performance of a voluntary undertaking. Plaintiffs have adequately notified PDS of the claims against it.[7] To be held liable for negligent performance of a voluntary undertaking, a defendant must have undertaken to perform a specific task and must have performed that undertaking negligently. *Peters v. V.I. WAPA.*, 2013 V.I. LEXIS at *5. Based on the allegations in the Complaint, PDS undertook a contractual duty to ensure all onsite contractors had a safety program and to carry out spot checks to verify the implementation of the contractors' safety protocols. PDS contends that "merely accepting a contractual duty does not suffice to create a cause of action for negligence."[8] In this instance, however, besides pleading that PDS had a contractual duty, Plaintiffs also allege that PDS breached that duty by failing to ensure that Bluewater had a safety program, was following OSHA requirements, or was adhering to best practices for safe forklift operation. At a minimum, the Complaint makes the inference that PDS's lax inspection increased the risk of harm to construction workers, which obviously includes Nigg. Plaintiffs have alleged the damages suffered as a result of the negligent acts of Defendants, including PDS. They alleged that Defendants' conduct caused Nigg's death, leading to, among other things, funeral expenses, pain and suffering, loss of support and services, and loss of parental companionship. The allegations in the Complaint have placed PDS on fair notice of the claims against it. Plaintiffs were only required to provide the basic legal and factual basis for their claim. They have done so.

¶10    Specifically, PDS argues that Plaintiffs have failed to state a claim under Section 324A (a), (b), or (c). At the motion to dismiss stage, Plaintiffs need not identify the particular legal theory they will rely on to advance their case. *Bryan v. Wenhaven*, 2020 V.I. LEXIS 87 at *4. Plaintiffs are only required to describe the essence of their claim and allege facts sufficient to demonstrate that they have been injured in a way that entitles them to relief. *Id.* Plaintiffs are not required to plead in their Complaint the specific subsection of Section 324A under which they are pursuing their claim. PDS argues that there is no allegation in the Complaint which would give rise to the inference that its failure to exercise reasonable care with respect to Bluewater's safety program

---

[7] *See* First Am. Compl. at ¶¶ 15-23 and 61-67.
[8] Def.'s Mot. to Dismiss at 6.

increased the risk of harm.[9] Whether Plaintiffs can ultimately prove that PDS's conduct increased the risk of harm to Nigg is a matter for the trier of fact and cannot be resolved on a motion to dismiss. *See, e.g., Bertrand v. Mystic Granite & Marble, Inc.,* 63 V.I. 772, 780 (V.I. 2015) (declaring that any issue regarding whether a deceased's actions contributed to his death is necessarily a question of fact that must be determined by the finder of fact at trial); *Halliday v. Foot Locker Specialty, Inc.,* Civ. No. ST-2007-CV-461, 2014 V.I. LEXIS 92, at *12 (V.I. Super. Ct. Oct. 20, 2014) ( noting that whether defendants' action constituted a cause of the decedent's death are questions for the fact finder).

¶11    PDS next claims that there are no allegations in the Complaint that would give rise to the inference that PDS has undertaken to perform a duty owed by CREF3 to John Nigg. Therefore, Plaintiffs' allegations do not state a claim under Section 324A(b).[10] The Court disagrees. Taking the allegations in the Complaint as a whole, a reasonable inference can be drawn that CREF3 had a duty to ensure that its contractors had established safety programs, were complying with OSHA guidelines, and had implemented industry-approved safety programs.[11] Further inference could be drawn from the Complaint that, as the property owner, CREF3 was required to conduct the necessary inspections to ensure compliance. CREF3 delegated, and PDS voluntarily assumed those responsibilities under the project management agreement.  The extent of PDS's undertaking is reflected in the written contract between PDS and CREF3. PDS's undertaking under the written contract between PDS and CREF3 includes using best efforts to ensure all onsite contractors have a safety program and spot-checking the contractors to verify they are implementing their safety programs.[12] Drawing the inference from the facts alleged in the light most favorable to Plaintiffs, it is reasonable to assume that CREF3 relied upon PDS's undertaking since it is a party to the Project Management Agreement under which PDS voluntarily assumed those responsibilities.

¶12    PDS also claims that the Plaintiffs have failed to state a claim under Section 324A(c). PDS argues that "Plaintiffs do not allege that John Nigg, an employee of Bluewater was induced into operating the forklift because of some reliance upon PDSI's undertaking to 'using best efforts to ensure all onsite contractors have a safety program' and 'occasionally spot-checking the

---

[9] Def.'s Mot. to Dismiss at 7.

[10] Def.'s Mot. to Dismiss at 8.

[11] First Am. Compl at ¶¶ 63, 64, 6

[12] First Am. Compl. at ¶¶ 15, 61 and 62.

contractors to verify they are implementing their programs.'" [13] Section 324A(c) states explicitly that liability arises if the "the harm is suffered because of reliance of the other or the third person upon the undertaking." In other words, PDS may be liable if the harm is suffered because of CREF3 or Nigg's reliance on PDS's undertaking. As Plaintiffs have countered, the reliance standard extends to both the *other person* – CREF3 and the *third person* – Nigg.[14] Section 324A(c) comment (e) provides clarification on the meaning of this subsection. Comment (e) states:

> e. *Reliance.* The actor is also subject to liability to a third person where the harm is suffered because of the reliance of the other for whom he undertakes to render the services, or of the third person himself, upon his undertaking. This is true whether or not the negligence of the actor has created any new risk or increased an existing one. Where the reliance of the other, or of the third person, has induced him to forego other remedies or precautions against such a risk, the harm results from the negligence as fully as if the actor had created the risk.

*See also Nelson v. Union Wire Rope Corp.,* 31 Ill. 2d 69, 86, 199 N.E.2d 769, 779 (1964) (explaining that a defendant's liability for the negligent performance of its undertaking is not limited to persons who might have relied upon it to act, but extends to persons the defendant could reasonably have foreseen would be endangered as the result of negligent performance). Thus, Plaintiffs may prove their claim by showing reliance by CREF3 or Nigg. Plaintiffs also pointed out that it is "reasonable to infer that, if PDS was not obligated to inspect, CREF3 would have acted differently to ensure the contractors had safety and enforced safety policies."[15] Applying the liberal pleading standard, such an inference can be deduced from the allegations in the Complaint. In any case, whether or not Plaintiffs can prove actual reliance and whether that reliance was reasonable under Section 324A(c) is a matter for the trier of fact. *Moyer Packing Co. v. United States,* 567 F. Supp. 2d 737, 756 (E.D. Pa. 2008) (whether a plaintiff's reliance was reasonable and whether the defendant failed to exercise reasonable care are questions of disputed fact that go to actual negligence, and are inappropriate for determination on a motion to dismiss).

---

[13] Def.'s Mot. to Dismiss at 8.

[14] Pl.'s Opp'n at 8.

[15] Pl.'s Opp'n at 9.

¶13    PDS's motion to dismiss goes beyond the permissible arguments the Court can consider on a motion to dismiss. On a 12(b)(6) motion, the Court does not decide whether Plaintiffs will ultimately prevail on their claims. *Pedro v. Ranger American of the V.I., Inc.*, 70 V.I. 251, 263 (V.I. Super. Ct. 2019). The Court's role is merely to test the sufficiency of the claim as stated in the complaint. Defendants argue that the Complaint does not specify what PDS would have or should have done if it had discovered that Bluewater did not have a safety program or was not verifying the implementation of the safety program.[16] PDS further argues that there is no obligation in the Project Management Agreement to take additional steps to remedy Bluewater's failures.[17] A motion to dismiss is not the appropriate vehicle to raise these issues.[18] It is for the trier of fact to determine if PDS breached its assumed duties under the Project Management Agreement.

¶14    The scope of the duty of care PDS assumed under the Project Management Agreement and whether the PDS adequately discharged its duty of care cannot be resolved on PDS's Rule 12(b)(6) motion. To ask Plaintiffs to conform their Complaint to PDS's arguments would impose upon them the heightened pleading standard as in the federal courts, a standard which the Supreme Court of the Virgin Islands has unequivocally rejected as the pleading standard for this jurisdiction. *Mills-Williams v. Mapp*, 67 V.I. at 586 ("plausibility standard has been abolished in cases going forward"). Unlike the *Twombly* plausibility standard, the notice pleading standard is a more liberal and forgiving approach. *Bryan v. Wenhaven*, 2020 V.I. LEXIS 87 at *4.

## IV.    CONCLUSION

¶15    In evaluating a motion to dismiss under V.I.R. Civ. P. 12(b)(6), the role of the Court is not to test the merits of the claim but to assess the sufficiency of the allegations. Plaintiffs' Complaint adequately alleges a claim of negligent performance of a voluntary undertaking, and they have met the slight burden of the notice pleading standard.

---

[16] Def.'s Mot. to Dismiss at 8.

[17] Def.'s Mot. to Dismiss at 7.

[18] As Plaintiffs have correctly stated, the Supreme Court has held every contract implies a duty of good faith and fair dealing. *Chapman v. Cornwall*, 58 V.I. 431, 441 (V.I. 2019); *see also Clark v. V.I. Housing Authority* 75 V.I. at 187.

Accordingly, it is hereby

    **ORDERED** that Defendant Project Development Services, Inc.'s Motion to Dismiss Count 5 of the First Amended Complaint is **DENIED**; and it is further

    **ORDERED** that copies of this Memorandum Opinion and Order shall be distributed to counsel of record.

Date: <u>June 13, 2024</u>

                          **CAROL THOMAS JACOBS**
                          **Judge of the Superior Court**
                            **of the Virgin Islands**

**ATTEST**:
TAMARA CHARLES
Clerk of the Court

By: _____
    Latoya Camacho
    Court Clerk Supervisor 6 / 15 / 2024